# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

CHARLES L. WILLIAMS,
                   Appellant,

                   v.

OFFICE OF PERSONNEL
   MANAGEMENT,
                   Agency,

          and

ROSETTA WILLIAMS-SCOTT,
                   Intervenor.

DOCKET NUMBER
CH-0831-17-0237-I-1

DATE: April 26, 2023

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Charles L. Williams</u>, East Saint Louis, Illinois, pro se.

<u>Karla W. Yeakle</u>, Washington, D.C., for the agency.

<u>Kevin J. Kubitschek</u>, Belleville, Illinois, for the intervenor.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**REMAND ORDER**

¶1     The appellant has filed a petition for review of the initial decision, which vacated a reconsideration decision of the Office of Personnel Management (OPM) concerning the appellant's former spouse's entitlement to a share of his retirement annuity and remanded the appeal to OPM to issue a new reconsideration decision.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision.

¶2     On petition for review, the appellant argues that he did not receive the agency's file until May 1, 2017, and asserts that the administrative judge erred in prematurely closing the record.  Petition for Review (PFR) File, Tab 1 at 3.[2] However, the appellant has not explained how he was prejudiced by the administrative judge's Close of Record Order, which afforded him until June 5,

---

[2] The appellant also submits various documents with his petition for review.  PFR File, Tab 1 at 6-21.  However, such evidence is not relevant to the issue of whether the administrative judge properly remanded the appeal to OPM.  Therefore, it provides no basis to disturb the initial decision.  *Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (holding that the Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision).

2017, to file evidence and argument in his case. Initial Appeal File, Tab 12 at 2. The appellant also contends that the administrative judge "gold plated the prorate [sic] share" and "rendered it to the agency by way of a series of bias errors." PFR File, Tab 1 at 2. He also makes various arguments concerning the merits of his appeal and OPM's alleged improper computation of his former spouse's share of his retirement annuity. *Id.* at 3-5. Such arguments, however, fail to establish any error in the initial decision because the administrative judge did not make any findings regarding whether OPM correctly awarded and computed the apportionment of the appellant's retirement annuity to his former spouse. Rather, the administrative judge found that the Board could not consider the merits of the appeal because OPM had failed to address the appellant's arguments raised in his request for reconsideration or explain the obvious inconsistencies between OPM's initial and reconsideration decisions concerning the correct amount of the appellant's former spouse's share of his retirement annuity. Thus, the administrative judge properly remanded the case to OPM for issuance of a new reconsideration decision because OPM previously had not addressed all issues necessary for adjudication of the appeal.[3] *See, e.g.*, *Litzenberger v. Office of Personnel Management*, 88 M.S.P.R. 419, ¶¶ 9-10 (2001); *Stubblefield v. Office of Personnel Management*, 60 M.S.P.R. 455, 460 (1994).

**ORDER**

¶3     On remand, OPM is hereby ORDERED to take the following actions: (1) explain how the Judgment of Dissolution of Marriage meets the requirements of a court order acceptable for processing and whether the lack of a Qualified Domestic Relations Order renders the court order unacceptable; (2) determine

---

[3] On April 12, 2019, May 24, 2019, August 29, 2020, March 30, 2021, May 10, 2021, and December 22, 2021, the appellant filed motions to submit additional pleadings in which, although unclear, he appears to raise arguments concerning the merits of the appeal. PFR File, Tabs 9, 12, 23, 27, 30, 34. We deny such motions in light of our decision, which does not reach the merits but rather remands the appeal to OPM.

how much of the appellant's total Federal and military service is creditable for purposes of computing his annuity; (3) if any of the appellant's service is not creditable, determine what effect, if any, this has on OPM's computation of the intervenor's pro rata share of the appellant's gross annuity; (4) compute the pro rata share of the appellant's annuity to which the intervenor is entitled, and determine whether the intervenor's share has changed throughout the course of the appellant's retirement; and (5) apply the pro rata shares to which the intervenor was entitled to the gross annuity payments the appellant has received since his retirement to determine whether the intervenor and/or the appellant have been overpaid or underpaid; (6) to the extent necessary, adjust the amounts payable to the intervenor and the appellant to ensure that they receive the amounts to which they are entitled; (7) take appropriate action as to any overpayments or underpayments resulting from the determinations and computations set forth above; and (8) issue a new final decision within 90 days that addresses the matters set forth above and advises both the intervenor and the appellant of their Board appeal rights.

¶4 We also ORDER OPM to tell the appellant and the intervenor promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has taken to carry out the Board's Order. We ORDER the appellant and the intervenor to provide all necessary information OPM requests to help it carry out the Board's Order. The appellant, if not notified, should ask OPM about its progress. *See* 5 C.F.R. § 1201.181(b).

¶5 No later than 30 days after OPM tells the appellant and the intervenor it has fully carried out the Board's Order, the appellant or the intervenor may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant or the intervenor believes that OPM did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant or the intervenor believes that OPM has not fully carried out the

Board's Order, and should include the dates and results of any communications with OPM.  *See* 5 C.F.R. § 1201.182(a).

FOR THE BOARD:             <u>       /s/ for            </u>

                                      Jennifer Everling
                                      Acting Clerk of the Board

Washington, D.C.